[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12087
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 17, 2007
THOMAS K. KAHN
CLERK

Agency Nos. A96-081-219
A97-198-671

MIGUEL EDUARDO MORGADO,
SORAYA ALEJANDRA MORGADO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 17, 2007)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Miguel Eduardo Morgado,[1] a native and citizen of Venezuela, petitions for review of the final order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ's) decision denying his application for asylum, withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, and Degrading Treatment or Punishment (CAT), 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c). Morgado asserts (1) the IJ failed to consider the changed circumstances and country conditions in Venezuela as to excuse Morgado's untimely asylum claim, and (2) the IJ erred in determining Morgado did not suffer past persecution and did not have a well-founded fear of future persecution. We lack jurisdiction to review the asylum claim, but conclude substantial evidence supports the IJ's denial of withholding of removal and CAT relief.

## I. BACKGROUND

Morgado entered the United States on January 29, 2002, as a visitor with permission to remain until March 1, 2002. On February 4, 2004, Morgado was served with a notice to appear, charging him with removability for having

---

[1] Miguel Eduardo Morgado is the lead petitioner. He is also petitioning on behalf of his wife, Soraya Alejandra Morgado, a native and citizen of Chile.

remained in the United States beyond the time allowed. Morgado admitted the allegations of the notice to appear and conceded removability. Morgado requested asylum, withholding of removal, and relief under the CAT on behalf of himself and his wife.

At the hearing before the IJ, Morgado testified his asylum claim was based on past persecution and fear of continued persecution on account of his membership in the Democratic Action Party (DAP) in Venezuela. Morgado joined the DAP in 1996, and became Youth Secretary of the DAP in 1997. As a member of the DAP, Morgado participated in approximately 12 to 13 peaceful demonstrations against Venezuela's President, Hugo Chavez, and collected signatures to modify Venezuela's constitutional assembly.

On March 18, 2000, Morgado participated in a demonstration against President Chavez, and the following day, someone placed dog feces outside the door of his apartment with a note stating that he was not loyal to his country. In May of 2000, after another march, he received a written threat to stop organizing marches against the government.

In addition to the written threats, Morgado received approximately 100 threatening phone calls. After participating in a march on June 13, 2000, Morgado received a threatening phone call telling him to stop organizing marches. After

3

another march in May of 2001, he received a phone call threatening his family. After a march in June of 2001, he also received constant threatening phone calls. The callers of the threatening phone calls never identified themselves. Additionally, Morgado never reported the threatening phone calls to the police.

In August 2001, Morgado's family moved to another apartment in the same city. On November 20, 2001, Morgado was attacked by unknown assailants. During Morgado's drive home from the university, his car was ambushed by two other cars, whose occupants were armed. The attackers called out his name and told him to kneel. They then hit him in the head with a gun, and punched and kicked him. He received head injuries, stitches on his eyebrow, and bruises on his body. Morgado was knocked unconscious, and awoke in a hospital. Morgado did not report the beating to the police.

Morgado stopped participating in marches, and in January of 2002, came to the United States. He testified that his mother, father and younger brother remain in Venezuela, and that his aunts are involved in the DAP. Morgado's aunts have not encountered any problems as a result of their membership in the DAP.

In addition to Morgado's testimony and his asylum application, the record before the IJ also included the State Department's Country Reports on Human Rights Practices for Venezuela and Chile, and a letter from a Venezuelan attorney

4

stating that Morgado had contacted him regarding physical aggression by members of the current Venezuelan government.

The IJ denied Morgado's application for asylum, finding the application was untimely and Morgado had not shown changed or extraordinary circumstances to excuse the untimely filing. The IJ also found Morgado was ineligible for withholding of removal or CAT relief, specifically finding Morgado had not met the burden of showing he would be persecuted based on his membership in the DAP if returned to Venezuela. The IJ noted there was no corroborating evidence for his claims. The IJ further found Morgado had not established he more likely than not would be tortured if returned to Venezuela, and denied CAT relief. The BIA adopted and affirmed the decision of the IJ, specifically noting there were no exceptional circumstances to excuse the untimely asylum application and Morgado was not eligible for withholding of removal or CAT relief.

## II. STANDARD OF REVIEW

"When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision." *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005). If the BIA adopts the IJ's reasoning, we also review the IJ's decision. *Id.* Here, because the BIA adopted

the IJ's reasoning and articulated its reasons for doing so, we review both the IJ's and BIA's decisions.

"The IJ's findings of fact are reviewed under the substantial evidence test, and we 'must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005) (citation omitted). "Under this highly deferential standard of review, the IJ's decision can be reversed only if the evidence 'compels' a reasonable fact finder to find otherwise." *Id.* (citations omitted).

## III. DISCUSSION

### A. *Asylum*

Morgado asserts the IJ did not consider the changed circumstances and country conditions in Venezuela as to excuse Morgado's untimely asylum claim. The Government contends we lack jurisdiction to review the IJ's finding that Morgado's asylum claim was untimely.

An asylum application must be "filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An untimely application may be considered, however, if the alien demonstrates the existence of changed circumstances which materially affect the applicant's eligibility for

6

asylum or extraordinary circumstances relating to the delay in filing the application. *Id.* § 1158(a)(2)(D). A court does not have jurisdiction to review an asylum application that is denied under § 1158(a)(2). 8 U.S.C. § 1158(a)(3); *Alim v. Gonzales*, 446 F.3d 1239, 1252 (11th Cir. 2006); *Chacon-Botero*, 427 F.3d at 957. Here, the IJ concluded Morgado's claim was filed after the one-year time limit and Morgado failed to show changed or extraordinary circumstances to excuse the delay in filing. Morgado's asylum application was denied under § 1158(a)(2); thus, pursuant to § 1158(a)(3), we lack subject-matter jurisdiction to review the final order of removal as it pertains to the asylum claim. *See Alim*, 446 F.3d at 1253.

B. *Withholding of Removal*

Morgado asserts the IJ failed to: (1) give proper weight and consideration to Morgado's testimony regarding the past persecution he suffered in Venezuela, (2) adequately address his fear of future persecution, (3) consider the country conditions of Venezuela, and (4) consider corroborative evidence. The Government contends substantial evidence supports the IJ's finding that Morgado is ineligible for withholding of removal.

"An alien is entitled to withholding of removal under the INA if [he] can show that [his] 'life or freedom would be threatened in that country because of

7

[his] race, religion, nationality, membership in a particular social group, or political opinion.'" *Sepulveda*, 401 F.3d at 1232 (quoting 8 U.S.C. § 1231(b)(3)(A)). The alien bears the burden of showing he more likely than not would be persecuted or tortured if returned to his country. *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 437 (11th Cir. 2004). "An alien who has not shown past persecution, though, may still be entitled to withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground in his country." *Id.* (quotations and citation omitted).

1. *Past persecution*

Morgado's evidence of past persecution consisted of written and verbal threats to himself and his family and the beating in November of 2001. Morgado contends the lack of corroborating evidence should not be a reason to find he did not suffer past persecution.

"[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . [m]ere harassment does not amount to persecution." *Sepulveda*, 401 F.3d at 1231 (quotations and citation omitted). Even if Morgado had corroborating evidence of the written and verbal threats, it would not amount to persecution. Additionally, even if he had corroborating evidence of the beating, it would not compel the conclusion he was

8

persecuted on account of his political opinion. Morgado could not identify his attackers and could not show the beating was on account of his political opinion. Substantial evidence supports the IJ's conclusion that Morgado did not suffer past persecution on account of his political opinion.

2. *Well-founded fear of future persecution*

Morgado asserts that even if he has not shown past persecution, the threats and beating, combined with the changing country conditions in Venezuela, support a finding of a well-founded fear of future persecution. "An alien who has not shown past persecution . . . may still be entitled to withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground in his country." *Sanchez*, 392 F.3d at 437 (quotations and citation omitted). Again, substantial evidence supports the conclusion that Morgado did not suffer past persecution on account of his political opinion, and the changing country conditions in Venezuela do not compel the conclusion that Morgado will likely suffer future persecution on account of his political opinion if returned to Venezuela. Substantial evidence supports the IJ's conclusion that Morgado does not have a well-founded fear of future persecution.

C. *CAT Relief*

Morgado relies on the written and verbal threats and the alleged beating to show he more likely than not would be tortured if returned to Venezuela. Morgado must show he more likely than not will be tortured in Venezuela at the hands of the government to demonstrate eligibility for CAT protection. *Sanchez*, 392 F.3d at 438. Morgado did not present any evidence that he would be tortured if returned to Venezuela. Substantial evidence supports the IJ's conclusion that Morgado is not eligible for CAT relief.

## III. CONCLUSION

We lack jurisdiction to review Morgado's asylum claim. The IJ's denial of withholding of removal and CAT relief is supported by substantial evidence, and the evidence does not compel an opposite conclusion.

PETITION DISMISSED IN PART AND DENIED IN PART.